**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**DANNY A. WESTBROOK**                                                                      **PLAINTIFF**

**v.**                                                                  **CIVIL ACTION NO.  1:07-cv-497-LG-JMR**

**GEORGE H. PAYNE, JR., and**
**DONALD A. CABANA**                                                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**
**DISMISSING THE PLAINTIFF'S COMPLAINT**

The Plaintiff, an inmate of the Harrison County Adult Detention Center, Gulfport, Mississippi, filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  On September 17, 2007, this Court entered an order directing the Plaintiff to file a written response, within twenty days.   The Plaintiff failed to comply with this order.  The Plaintiff was warned that his failure to keep this Court informed of his current address or his failure to timely comply with a court order may result in the dismissal of this case.

 On October 30, 2007, an order was entered directing the Plaintiff to show cause, within twenty days, why this case should not be dismissed for his failure to comply with the September 17, 2007 court order.  The Plaintiff was warned in the show cause order that failure to keep this Court informed of his current address or a failure to timely comply with the requirements of the order would lead to the dismissal of his complaint.  The Plaintiff has not complied with the show cause order.  On November 19, 2007, the envelope containing the show cause order was returned with the notation: "return to sender."  The Plaintiff has failed to keep this Court informed of his current address and he has failed to comply with two Court orders.   It is apparent from the Plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute

under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*. See *Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Link*, 370 U.S. at 630.

The Plaintiff has not complied with two court orders, nor has he contacted this Court since August 22, 2007. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) is proper. Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Automotive Ptnrs., LTD. v. Smith*, 2006 WL 2852389 at *2 (5th Cir. Oct. 2, 2006).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's Complaint is dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 18th day of December, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

2